IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RUDY F. WEBB, et al.**                                                                                            **PLAINTIFFS**

v.                                        **CASE NO. 4:13CV00232 BSM**

**EXXON MOBIL CORPORATION, et al.**                                                           **DEFENDANTS**

## ORDER

Plaintiffs' motion to alter or amend the judgment [Doc. No. 154] is denied.

### I. BACKGROUND

Exxon Mobil Corporation's ("Exxon") motions for reconsideration and summary judgment were granted on March 17, 2015. *See* Doc. No. 152. The order decertified plaintiffs' class action because plaintiffs could not satisfy the Rule 23 commonality, typicality, and adequacy requirements, and because plaintiffs' suit was federally preempted by the Pipeline Safety Act. Summary judgment was granted because the language in the easement contract does not give rise to a duty under Arkansas law. In so doing, the order relied on the Arkansas Supreme Court case of *City of Crossett v. Riles*, 549 S.W.2d 800 (Ark. 1977). After noting the extensive similarities between the language of the *City of Crossett* easement contracts and plaintiffs' easement contracts, the order concluded Exxon had no duty under Arkansas law, and granted summary judgment in its favor, noting that the plaintiffs had not suffered an actual, recoverable injury. *See* Doc. No. 152, at 16–21.

Plaintiffs now move to vacate the March 17, 2015, order and judgment, and assert three main arguments: (1) they should be permitted to certify questions of law about the *City*

*of Crossett* case to the Arkansas Supreme Court; (2) the March 17, 2015, order did not dispose of all claims, because Exxon failed to fully address all claims in plaintiffs' complaint; and (3) Exxon abused the discovery process, which impeded plaintiffs' ability to argue their case. Plaintiffs also seek an evidentiary hearing on this motion. Exxon opposes all requests.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move to alter or amend a judgment, upon a timely motion. *See* Fed. R. Civ. P. 59(e). A district court has broad discretion in determining whether to grant or deny a motion to alter or amend under Rule 59(e). *See U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions are intended to correct manifest errors of law or fact, or to present newly discovered evidence. *See id.* The standard for Rule 59(e) and Rule 60(b)(2) motions, which seek relief from a final judgment or an order due to newly discovered evidence, are the same. *See id.*

To prevail, the movant must show: (1) the evidence was discovered after the proceeding; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that it would likely produce a different result. *See U.S. Xpress Enter., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003). Such motions under Rule 60(b)(2) are viewed with disfavor. *See id.*

Finally, Rule 60(b)(6) is a catchall provision, permitting the court to revisit a final judgment for any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(6). Relief under

Rule 60(b)(6) is an extraordinary remedy for exceptional circumstances, and its limited purpose is designed "to broaden the grounds for relief to encompass scenarios not covered by the preceding five subsections . . . ." *See City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013).

### III. DISCUSSION

Plaintiffs' motion is denied because their request to certify issues to the Arkansas Supreme Court is untimely, and because their arguments do not warrant relief from judgment under Rules 59(e) or 60(b).

A.  <u>Certification to the Arkansas Supreme Court</u>

Plaintiffs first contend that relief from judgment is appropriate in order to certify questions of law to the Arkansas Supreme Court concerning the *City of Crossett* case. Plaintiffs' request, however, is untimely.

As noted in the March 17, 2015, order, *Crossett* involved private citizens who granted an easement to the city of Crossett, allowing it to dig a drainage ditch on the plaintiffs' land. *See Crossett*, 549 S.W.2d at 801. The city constructed the ditch, but failed to maintain or repair it over the years, causing the ditch to overflow and damage the plaintiffs' property. *Id.* The plaintiffs sued, claiming the city had breached its contractual duties to maintain and repair the ditch. *Id.* The city, like Exxon, denied that its easement contract created a duty to maintain or repair. *Id.*

The Arkansas Supreme Court looked to the plain language of the document. As an

initial matter, the Court noted that the contract was simply titled "Grant of Easement" which, on its face, represented nothing more than a mere conveyance of privileges from the landowners to the city. *See id.* at 801–02. Next, the Court considered the text of the document. Specifically, the contract granted the city "a right of way and easement for the purpose of constructing, maintaining and repairing a drainage ditch over, across, and through" a portion of the plaintiffs' land. *Id.* at 801. Apart from additional language concerning the moving of tree stumps and an indemnification provision, the document was silent as to any other type of duties or covenants. *Id.* Viewing all of the above, the Court held that there was no affirmative duty to maintain or repair the ditch. As the Court ultimately concluded, "[a]bsent any language imposing an affirmative duty of maintenance upon the city, no such duty existed." *Id.* at 802.

Despite the fact the *Crossett* opinion is barely two pages long and plainly written, plaintiffs submit a barrage of case law and declarations from experts and law professors concerning Exxon's duties under common law. None of this, however, changes the fact that the *Crossett* decision is the law in the state of Arkansas. Moreover, plaintiffs do not address the fact that their request to certify these questions came after the motion for summary judgment was decided in Exxon's favor. As noted by the Eighth Circuit:

> The practice of requesting certification after an adverse judgment has been entered should be discouraged. Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse decision. Once a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present. Only in limited circumstances should certification be granted after

a case has been decided.

*Perkins v. Clark Equip. Co.*, 823 F.2d 207, 210 (8th Cir. 1987). Additionally, certification is disfavored when the state law case provides enough guidance that a district court's decision is not merely "conjectural." *See id.*

This case was nearly two years old when the March 17, 2015, order was entered. Plaintiffs filed a brief discussing *City of Crossett*, and other Arkansas cases, but never sought certification. To do so now is inappropriate. Accordingly, plaintiffs' request is denied.

B.  March 17, 2015, Order's Disposal of All Claims

Plaintiffs next contend the March 17, 2015, order must be amended because it does not dispose of all its claims. They argue this is so because Exxon did not address their claim that it violated their right to fully use and enjoy their property. *See* Pl.'s Br., Doc. No. 155, at 3.

A review of plaintiffs' complaint is instructive. In their second amended complaint, plaintiffs list only one general claim for breach of contract. *See* Pl.'s Second Am. Compl., Doc. No. 23, at 19. Paragraphs 50, 51, and 53 mention plaintiffs' right to fully use and enjoy their property. *See id.* at ¶¶ 50, 51, 53. In Exxon's motion for summary judgment, it denies the easement contracts "impose any of the obligations that the defendants are alleged to have breached". *See* Defs.' Mot. for Summ. J., Doc. No. 76, at ¶ 2.

Plaintiffs' argument is unpersuasive for two reasons. First, section A, subsection 2

of the March 17, 2015, order, though not dealing with summary judgment, held that plaintiffs' entire case was preempted by the Pipeline Safety Act. Thus, this determination is an adjudication of all plaintiffs' claims. Second, pleadings clearly show that Exxon opposed the entirety of plaintiffs' breach of contract claim. Plaintiffs stated a general breach of contract claim, and listed a number of obligations and covenants that Exxon allegedly breached. Exxon denied breaching any of those obligations. The March 17, 2015, order recognized this, and squarely addressed the idea of unreasonable interference with plaintiffs' right to use and enjoy their property. *See* Doc. No. 152, at 21. In light of this, altering or amending the judgment is unnecessary, and plaintiffs' request is denied.

    C.    <u>Alleged Discovery Violations and Opportunity to Present New Evidence</u>

Finally, plaintiffs seek to amend the judgment because they claim that newly discovered evidence concerning Exxon's obligations is crucial to the outcome of this case. As noted above, Rule 60(b)(2) motions seeking to introduce new evidence after a final adjudication are disfavored. *See U.S. Xpress Enter., Inc.*, 320 F.3d at 815. Plaintiffs' request is denied for several reasons. First, Exxon's motion for summary judgment was filed and fully briefed more than a year into this case. While it filed a second motion months later, after the scheduling order was amended, there is no question that a massive amount of discovery had already been performed. Second, and crucially, the new evidence which plaintiffs seek to introduce does not address the issue that was the heart of the March 17, 2015, order: plaintiffs have not suffered any actual damages. As noted in the order,

plaintiffs are not the citizens of Mayflower whose property was subject to damage due to the pipeline rupture. *See* Doc. No. 152 at 20. They suffered no discoloration, smelled no fumes, and had no oil leakage on their property. *See id.* at 20–21. Thus, as the evidence plaintiffs seek to introduce does not address this pivotal issue, it will not produce a different result. Accordingly, plaintiffs' motion to alter or amend the judgment is denied.

## IV. CONCLUSION

For the reasons stated above, plaintiffs' motion to alter or amend the judgment [Doc. No. 154] is denied.

IT IS SO ORDERED this 24th day of July 2015.

_____
UNITED STATES DISTRICT JUDGE